O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. CR 06-599 CAS |
| Plaintiff, | DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEAS |
| vs. | |
| Ruben Castro, | |
| Defendant, | |

## I. INTRODUCTION & BACKGROUND

On July 27, 2006, defendant Ruben Castro ("defendant") and 17 codefendants were indicted by the grand jury. Count one of the indictment charged defendant with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Counts two and three of the indictment charged defendant with conspiracy to possess with intent to distribute, to distribute, and to aid and abet distribution of controlled substances, in violation of 21 U.S.C. § 846. On December 26, 2006, defendant pled not guilty to counts one, two,

///

///

///

and three of the indictment. On July 11, 2008, defendant, then proceeding pro se, changed his plea and pled guilty to counts one, two, and three of the indictment.[1]

On September 9, 2008, defendant filed the instant motion to withdraw his guilty plea. The government filed its opposition on September 26, 2008. On October 10, 2008, defendant filed his reply. The Court heard argument on October 20, 2008 and then took this matter under submission.

## II. LEGAL STANDARD

Pursuant to Fed. R. Crim. P. 11(d)(2)(B), the court may, prior to sentencing, permit a defendant to withdraw a plea of guilty "if the defendant can show a fair and just reason for requesting the withdrawal." "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005) (quoting United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004)). While the defendant bears the burden of establishing a fair and just reason for withdrawal of a plea, "the standard is applied liberally." Davis, 428 F.3d at 805. However, a defendant does not have a right to withdraw a guilty plea. United States v. Myers, 993 F.2d 713, 714 (9th Cir. 1993). The decision to permit withdrawal of a plea is within the discretion of the district court. United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003).

## III. DISCUSSION

### A. ADEQUACY OF PLEA COLLOQUY

Federal Rule of Criminal Procedure 11(b)(3) requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." To establish this factual basis, the court must determine that "there is sufficient evidence to justify a conclusion that the defendant committed the charged offense."

---

[1] On May 8, 2008, defendant filed an ex parte application to proceed pro se. On May 15, 2008, after a Farreta hearing, the Court granted defendant's motion to proceed pro se and appointed Timothy Lannen, defendant's counsel of record, as standby counsel.

United States v. Reyna-Tapia, 328 F.3d 1114, 1120 n.5 (9th Cir. 2003); see also United States v. Neel, 547 F.2d 95, 96 (9th Cir. 1976) (district court need not be convinced beyond a reasonable doubt of defendant's actual guilt, instead, "[i]t need only be convinced that there is sufficient evidence to justify the reaching of such a conclusion"). This is the standard even where defendant seeks to plead guilty, while claiming that he is innocent of the offenses charged. Neel, 547 F.2d at 96. "[T]he court may consider all of the evidence before it at the time of judgment." United States v. Alber, 56 F.3d 1106, 1110 (9th Cir. 1995) (citing Fed. R. Crim. P. 11(f) advisory committee notes (1974 amendment)). However, there is "no specific method" for establishing the factual basis for a plea. United States v. Rivera-Ramirez, 715 F.2d 453, 457 (9th Cir. 1983); see also United States v. Gaither, 245 F.3d 1064, 1068 (9th Cir. 2001) ("Different judges do this in different ways, and many different ways are proper. Some judges ask the prosecutor for the factual basis, and then ask the defendant if what the prosecutor said is true. Some judges put the defendant under oath and ask him what he did. Both are proper, as are others, in appropriate circumstances.") (footnotes and internal citations omitted). For example, "[a]n inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case." Fed. R. Crim. P. 11(f) advisory committee notes (1974 amendment).

Defendant argues that there was an insufficient factual basis for his guilty plea, thereby rendering the plea colloquy inadequate. Mot. at 12. Specifically, defendant argues that, during the plea colloquy, he denied the involvement of other participants in the charged offenses. Mot. at 13. Because both racketeering conspiracy and narcotics conspiracy require the involvement of two or more persons, defendant argues, his denial of others' involvement rendered the plea facially insufficient. Mot. at 13. To support his argument, defendant cites statements he made during his plea colloquy:

> Well, Your Honor, I believe that they could prove that I conspired to distribute narcotics. As far as what [the Assistant United States

> Attorney] just said right now, he may feel confident he could prove that, but I have no knowledge of these quantities and other individuals he's speaking of. But as far as the crime of conspiracy to distribute narcotics on count 1, I believe they can find me guilty of that. 24: 21-25:2.
>
> I want it understood that my guilty plea . . . I'm not implicating anyone else. I'm not – as far as these conspiracies and, you know, inferring that there was involvement of somebody else, I'm not recognizing that. . . I'm pleading guilty to these charges of conspiracy, but as far as the actual elements of the, you know, admitting being involved with, you know, just unnamed persons, say, okay, I'll go along with that. TR. 7/11/08 14: 15-24.

Defendant argues that these statements indicate that his admission is "without factual basis" and was only made "to get through the proceeding." Mot. at 14.

In addition, defendant argues that, during the plea colloquy, the government made an inaccurate statement regarding its legal burden of proof. Specifically, defendant argues that the government counsel misstated the law when he said, "what the government would need to prove is that defendant Ruben Castro and his co-conspirators agreed that a co-conspirator, which can include only Mr. Castro, agreed to two acts." Mot. at 14, citing TR. 7/11/08 27: 12-15 (emphasis added in Mot.).

The Court first looks to the record of the plea colloquy as a whole, so as to consider defendant's arguments in context. The Court commenced the plea colloquy by placing defendant under oath and asking defendant questions to ensure that there was nothing preventing him from fully understanding the charges against him and the consequences of his plea. TR. 7/11/08 9:1-10:8. The Court also verified with defendant that the Court had not in any way been involved in his decision to plead guilty. TR. 7/11/08 11:17-23. The government then summarized the charges against defendant and the elements it would have to prove in order for defendant to be found

4

guilty. TR. 7/11/08 12:4 -14:5. Defendant indicated that he understood that the government would have to prove these elements beyond a reasonable doubt. TR. 7/11/08 14:6-11.

When the Court asked defendant if he had any questions, defendant responded that, in pleading guilty, he was not "implicating anybody else" and that

> I want it understood that my guilty plea . . . I'm not implicating anyone else. I'm not – as far as these conspiracies and, you know, inferring that there was involvement of somebody else, I'm not recognizing that. . . I'm pleading guilty to these charges of conspiracy, but as far as the actual elements of the, you know, admitting being involved with, you know, just unnamed persons, say, okay, I'll go along with that. TR. 7/11/08 14: 15-24.

The Court clarified "Okay. But what you're telling me is you're only pleading with regard to your own conduct and you do not intend to implicate anyone else by your guilty plea." Opp'n at 8-9; TR. 7/11/08 14:25-15:2. Defendant replied "Right." TR. 7/11/08 15:3.

The Court then had the government restate the maximum penalties for each of the three counts, and confirmed that defendant understood how his sentence would be determined. TR. 7/11/08 15:10-18:3. The Court also verified that defendant understood that, in pleading guilty, he was giving up his right to trial. TR. 7/11/08 19:3-20:11. The Court then asked defendant how he pled to the charges, and defendant responded "Guilty." TR. 7/11/08 20: 12-16.

The Court next asked the government to summarize what it would be prepared to prove if the matter went to trial. TR. 7/11/08 20:17-24:16. After the government summarized what would have to be proven at trial as to count 1, the Court asked defendant if the "essence of what was stated" could be proven as to him. TR. 7/11/08 24:17- 24: 20. Defendant responded:

> I believe that they could prove that I conspired to distribute

5

> narcotics. As far as what he just said right now, he may feel confident he could prove that, but I have no knowledge of these quantities and other individuals he's speaking of. But as far as the crime of conspiracy to distribute narcotics on count 1, I believe they can find me guilty of that. TR. 7/11/08 24:21-25:2

The Court then clarified that count 1 in fact charged a racketeering conspiracy, which was broader than what defendant described. TR. 7/11/08 25:3-17. Defendant conferred with standby counsel, then stated, "I believe the government would be able to prove that I was part of a racketeering enterprise and that the purpose of this enterprise was to distribute narcotics. How's that?" TR. 7/11/08 25:19-24. The government then clarified further the elements of the racketeering conspiracy, specifying that the government had charged two predicate racketeering acts: narcotics distribution and money laundering. TR. 7/11/08 25:25-27:19. The Court at this point interjected to clarify the government's statements:

> What [the government] is saying in my simplistic terms is, number one, you had to be selling narcotics, in this case, crack cocaine, to the organization, conspired to possess with intent to distribute the narcotics, and secondly, you took the proceeds from the sale of those narcotics and hid that they were in fact proceeds from drugs, paid other – other members of the organization and kept money for yourself, and used – and went to banks at various times or used other forms of wire transfer. TR. 7/11/08 27:20-3

To this, defendant replied "I believe that the government would be able to prove that against me, Your Honor." TR. 7/11/08 28:4-5

The government then explained what it would have to prove at trial on the narcotics conspiracy charged in counts two and three. TR. 7/11/08 28:8-29:24. When defendant expressed concern about how the government had calculated the total amount of narcotics involved in the conspiracies, the Court advised him that it

6

was sufficient for him to admit that more than 50 grams of crack cocaine were involved. TR. 7/11/08 29:24-31:1. Defendant conferred with counsel, then admitted to there having been more than 50 grams. TR. 7/11/08 31:2-6.

The Court then asked defendant if he was pleading guilty "freely and voluntarily," because he was guilty and "for no other reason," to which defendant responded "Yes." TR. 7/11/08 31:8-16. The Court asked defendant, "Has anyone made any promise or assurance of any kind to you or anyone else close to you that induced you to plead guilty other than my promise that you will be sentenced within 30 days?" to which defendant responded "No." TR. 7/11/08 31:21-25.

The Court then asked standby counsel whether he believed defendant was competent to enter the plea, and whether there was a factual basis for the guilty plea, to which standby counsel responded in the affirmative. TR. 7/11/08 32: 1-11. When the Court asked standby counsel if he had the "slightest doubt" as to the truthfulness of defendant's answers during the plea colloquy, standby counsel answered "No." TR. 7/11/08 32:9-12. The Court then accepted defendant's guilty pleas. TR. 7/11/08 33:15-25.

Given the description of the plea colloquy as a whole, the Court finds defendant's argument that the plea colloquy was inadequate to be unpersuasive. First, the plea colloquy was sufficiently thorough. See United States v. Cook, 487 F.2d 963 (9th Cir. 1973) (stating that, in determining whether a trial court abused its discretion in denying a motion to withdraw a guilty plea, the Ninth Circuit has "made a paramount object of their focus on this question the thoroughness of the Rule 11 personal inquiry made of the defendant by the trial judge during the taking of the guilty plea"). Furthermore, defendant's specific allegations of deficiencies in the plea colloquy, when regarded in the context of the entire proceeding, are without merit. First, although defendant argues that he denied the involvement of other participants in the charged offenses, rendering the pleas to conspiracy facially insufficient, defendant's argument mischaracterizes what occurred during the plea

colloquy. The government thoroughly informed defendant of the elements of each offense and what would have to be proven at trial, including the fact that the conspiracy charges require the involvement of co-conspirators. See, e.g., TR. 7/11/08 12:8-16 (government would have to prove that "there was an enterprise . . . Defendant knowingly and intentionally entered into an agreement to conduct or participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. And defendant agreed a conspirator would commit at least two acts of racketeering in conducting the affairs of the enterprise"); TR. 7/11/08 23:25-24:2 (government would be prepared to prove that "defendant Ruben Castro and others, other unnamed co-conspirators known and unknown to the government committed overt acts in furtherance of the conspiracy"). Defendant clearly admitted to these offenses. Although defendant did state that he did not intend to implicate anyone in particular in pleading guilty, this is wholly distinguishable from a failure to admit the existence of a conspiracy itself. See Opp'n at 35.

Moreover, defendant's argument that the government misrepresented its legal burden of proof , when examined in the context of the entire plea colloquy, is unpersuasive. See Mot. at 14. As stated herein, the government thoroughly laid out the elements of the offenses in the plea colloquy, including the requirement of the involvement of co-conspirators. The government persuasively argues that, with regard to the statement at issue cited by defendant, "the government was explaining that, with regard to the charged racketeering conspiracy, it needed to prove, among other things, that defendant and his co-conspirators agreed that any co-conspirator (including defendant) would commit two predicate acts, not that the charged conspiracy involved just defendant." Opp'n at 37. Based on the foregoing, the Court finds that defendant has failed to show any evidence that the plea colloquy was inadequate.

### B. VOLUNTARY, KNOWING, AND INTELLIGENT

"[A] guilty plea must be both knowing and voluntary" to be constitutionally

valid. Parke v. Raley, 506 U.S. 20, 28 (1992). The plea must "represent[] a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id. at 29; see also Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir. 1986) ("A guilty plea must be the voluntary expression of the defendant's own choice"). "Solemn declarations in open court carry a strong presumption of verity." United States v. Moore, 599 F.2d 310, 314 (9th Cir. 1979), cert. denied, 444 U.S. 1024 (1980) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Accordingly, a court may credit a defendant's testimony at the plea colloquy hearing over the defendant's later statements. United States v. Castello, 724 F.2d 813, 815 (9th Cir. 1984).

Defendant argues that his plea was not voluntary, knowing, and intelligent, because his decision to plead guilty was based solely on his desire to expedite his sentencing, so that he could be removed from local custody at Terminal Island and be returned to custody in Colorado. Mot. at 6-7; Def's Decl. at ¶ 2, 11. Defendant argues that "after the court made it clear to me through its demonstrated indifference that my needs as a Pro-Se Defendant would not be addressed equitably and further, that my conditions of confinement would not be addressed at all, I asked for and received a change of plea hearing." Def's Decl. ¶ 18.

Defendant further argues that the involuntary nature of his plea was evident at the plea colloquy. Specifically, defendant argues that the fact that he originally wanted to plead "no contest" to the charges, and the fact that he changed his plea to guilty after the Court granted his request that he be sentenced within 30 days, indicates that he was only pleading guilty to expedite his sentencing. Mot. at 11; Def's Decl. at 19.

In addition, defendant argues that the fact that he was acting without the advice of outside counsel when he pled guilty is further indication that his plea was not voluntary, knowing and intelligent. Mot. at 15-16. Defendant also alleges that his standby/advisory counsel Timothy Lannen ("standby counsel") refused to join

in the plea. Mot. at 14-15, citing Decl. of Timothy Lanen ("Mr. Castro did not seek my opinion or legal advice on his decision to change his plea, nor did I offer it. Had Mr. Castro sought my advice on his decision to change his plea, I would not have recommended that he change his plea to the charges.")

However, defendant has failed to show that his plea was not voluntary, knowing, and intelligent. First, contrary to defendant's assertion, the fact that he originally planned to plead "no contest" is not relevant to the question of whether his plea was voluntary. It is true that defendant originally stated his intention to plead "no contest." TR. 7/11/08 3:17-4:5. However, subsequent to this statement, the Court informed defendant that he could not plead "no contest" in federal court. TR. 7/11/08 4:14-15. Defendant responded that "if the sentencing is . . . close enough, then I'll go ahead and plead guilty." TR. 7/11/08 4:17-18. Defendant further stated "nothing that the court is going to sentence me to is going to affect me one way or other. I'm already sentenced . . . to two life sentences . . ." TR. 7/11/08 4:19-21. Defendant then stated that he would waive all of his rights to appeal, and requested that the Court sentence him within 30 days. TR. 7/11/08 4:23-5:2. The Court replied that it could probably sentence defendant within 30 days, but that if he entered a guilty plea, he would keep his appellate rights. TR. 7/11/08 3-17. The Court then advised defendant that he had two choices: entering a guilty plea or proceeding to trial. TR. 7/11/08 6:3-7. Defendant indicated that he wished to plead guilty, stating that he would "resolve this case right now." TR. 7/11/08 8-9. Thus, defendant was fully informed by the Court of his two options – to plead guilty or to proceed to trial – and defendant voluntarily chose to plead guilty.

Furthermore, defendant's assertion that he "only changed his plea to guilty in return for receiving a sentence within 30 days" is similarly unpersuasive in demonstrating that defendant's plea was not voluntary. See Def's Decl. at 19. While the Court exercised its discretion to grant defendant's request for an

expedited sentencing, the Court took no actions to specifically induce defendant to plead guilty. Indeed, at the plea colloquy, defendant affirmed that the Court had not in any way been involved in his decision to plead guilty. See TR. 7/11/08 11:17-23. Furthermore, defendant, who is currently serving multiple life sentences, identified a different motivation for pleading guilty when he stated "nothing that the court is going to sentence me to is going to affect me one way or other." TR. 7/11/08 4:19-20.

Furthermore, contrary to defendant's assertion, there is no evidence that the Court was indifferent to defendant's needs as a pro se defendant, and that such indifference induced defendant to plead guilty. See Def's Decl. ¶ 18. Defendant specifically argues that he was unable to begin working on his case because he lacked access to a law library, and the word processor supplied to him was inadequate. Def's Decl. ¶¶ 16-17. However, defendant had only filed his ex parte application to access a law library on June 3, 2008, just a few weeks before the plea colloquy, and his application was still pending before the Court at the time that he changed his plea. Furthermore, on May 30, 2008, shortly after defendant's motion to proceed pro se was granted, the Court continued defendant's trial to June 9, 2009, providing defendant with ample time to prepare his defense.[2]

The record also contradicts defendant's assertion that standby counsel refused to join in defendant's plea. See Mot. At 14-15. Standby counsel never raised any objections or concerns during the plea hearing. Furthermore, when the court specifically asked standby counsel whether he believed it was in defendant's

---

[2] Defendant's claims are distinguishable from those raised by the defendant in United States v. McTiernan, No. 07-50430, slip op. 14659, 14669 (9th Cir. October 21, 2008). In that case, the court held that the defendant's claim that his counsel failed to inform him before he pled guilty that there was a potential basis for filing a suppression motion could constitute a fair and just reason for withdrawal of his plea. Id. Unlike the defendant in McTiernan, defendant does not allege that he lacked information relevant to his decision of whether or not to plead guilty. See id.

11

interest and the best interests of justice for the Court to accept defendant's plea, standby counsel responded "I believe so, Your Honor. I mean, he's making that decision." TR. 7/11/08 32:13-17. When asked a second time whether there was any reason that the Court's acceptance of defendant's plea was not in defendant's best interest or in the interest of justice, standby counsel responded "I don't believe so, Your Honor." TR. 32:21. Based on the foregoing, the Court finds that defendant has failed to show that his plea was not voluntary, knowing, and intelligent.

### C. PREJUDICE TO GOVERNMENT

Defendant also argues that no prejudice to the government would occur from defendant's withdrawal of his guilty plea. Mot. At 5-6. However, this fact is not sufficient to warrant granting defendant's motion, particularly given that defendant has failed to demonstrate that the plea colloquy was inadequate or that his plea was not voluntary, knowing, and intelligent. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989) (Ninth Circuit has "rejected the contention that, so long as there is no prejudice to the government, courts should permit presentence withdrawals of pleas merely because a defendant has changed his mind").

### D. LEGAL INNOCENCE

Finally, defendant argues that the fact that he has asserted his legal innocence should weigh in favor of allowing him to change his plea. Mot. at 6; See Def's Decl. ¶ 2 ("I am not guilty of the charges alleged against me in the indictment and it is my wish to contest these charges in a trial."); see United States v. Barker, 168 U.S. App. D.C. 312 (D.C. Cir. 1975) ("where the motion does assert legal innocence, presentence withdrawal should be rather freely allowed"). However, defendant's current averment of innocence is contradicted by defendant's repeated statements under oath at the plea colloquy that he was guilty. Furthermore, defendant reaffirmed his guilt at his August 8, 2008 hearing in this Court, where he indicated his intention to file a motion allowing him to withdraw

12

his guilty plea. See TR. 8/8/08 5:12-13 ("as I said, Your Honor, I was sincere when I made that plea, when I changed my plea"). "Solemn declarations in open court carry a strong presumption of verity." United States v. Moore, 599 F.2d at 314. Therefore, the Court may credit a defendant's testimony at the plea colloquy hearing over the defendant's later statements. See United States v. Castello, 724 F.2d at 815. Accordingly, defendant's current assertions of legal innocence do not persuade the Court that defendant's motion should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court DENIES defendant's motion to withdraw his guilty pleas. The sentencing hearing is rescheduled to take place on November 24, 2008, at 2:30 p.m.

IT IS SO ORDERED.

Dated: October 22, 2008

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

cc:   U.S. Probation